UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jessica Ezell, <br><br> Plaintiff, <br> v. <br><br> National Credit Systems, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | : <br> : Civil Action No.: 3:15-cv-01662 <br> : <br> : <br> : COMPLAINT <br> : <br> : <br> : November 15, 2015 <br> : |

For this Complaint, Plaintiff, Jessica Ezell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Jessica Ezell ("Plaintiff"), is an adult individual residing in North Haven, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant National Credit Systems, Inc. ("NCS"), is a Georgia business entity with an address of P.O. BOX 312125, Atlanta, Georgia 31131, operating as a collection agency, and is a "debt collector" as the term is defined

by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by NCS and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. NCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to NCS for collection, or NCS was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCS Engages in Harassment and Abusive Tactics

12. In May 2015, NCS began contacting Plaintiff in an attempt to collect the Debt.

13. During the initial conversation, "Deshaun Cockroft" told Plaintiff that NCS could settle the Debt for 50% of the total balance due. Plaintiff explained to Deshaun that she could pay that amount within two (2) months. Dashawn told Plaintiff that NCS would send her a letter detailing the payment arrangement.

14.     However, the letter Plaintiff received from Deshaun stated that Plaintiff had "failed to make suitable arrangements" and made no mention of the payment plan.

15.     Plaintiff spoke with Deshaun again on or about May 27, 2015.  During this conversation, Deshaun accused Plaintiff of refusing to pay the Debt.  In response, Plaintiff reiterated that she would pay 50% of the total balance as previously agreed.  Deshaun told Plaintiff that NCS had never agreed to settle the Debt for 50% of the balance, and again demanded payment in full.

16.     Plaintiff asked Deshaun what she had to do to settle the Debt. Deshaun offered to settle the Debt for 75% of the balance, but Plaintiff had to pay that amount by the end of the day or NCS would file suit against Plaintiff.

17.     However, to date NCS has not filed any legal action against Plaintiff.

C. <u>Plaintiff Suffered Actual Damages</u>

18.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

<u>COUNT I</u><br><u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, <i>et seq.</i></u>

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress,

or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff without actually intending to do so.

24. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

30. Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

31. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 15, 2015

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff