**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jessica Ezell,<br><br>Plaintiff,<br>v.<br><br>National Credit Systems, Inc.; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.: 3:15-cv-01662-VAB |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NATIONAL CREDIT SYSTEMS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Jessica Ezell, hereby requests that Defendant, National Credit Systems, Inc., produce the following documents.

## DEFINITIONS

A. "Person" means and includes natural persons, corporations, partnerships, associations, or any type of entity, and agents, servants, employees and representatives thereof.

B. "You" or "your" means National Credit Systems, Inc., its agents, employees and representatives.

C. The term "identify" when used in reference to an individual person means to state his full name and present business and home address, his present business and home phone number, and his present or last known business affiliation.

D. As used herein, the term "document" means every writing and record of every type and description, including, but not limited to, correspondence, memoranda and written notes, checks, check registers, books and accounting, computer cards, printouts, tapes, discs and records of all types, minutes of meetings, studies, books, pamphlets, pictures and voice recordings or every other device or medium on which or through which information of any type

is to be transmitted, recorded or preserved. The term "document" also means a copy when the original is not in your possession, custody, or control, and every copy of the document if such copy is not an identical duplicate of the original.

E. Each request to describe or identify a document shall be deemed to include a request for information sufficient to enable plaintiffs to obtain the documents with a subpoena, including but not limited to the date of the document, a physical description of the document, a brief description of the content of the document, the identity of the custodian of the document, the location of the document, and any title given to the document. If an interrogatory calls for a description of a document, you may, if you prefer, instead of identifying it, simply attach to your answer a clear copy, front and reverse, of document.

## INSTRUCTIONS

A. These requests require you to produce all responsive documents in your possession, custody or control from all files that contain responsive documents, wherever located.

B. For any responsive document that no longer exists, or has been lost, destroyed or temporarily mislaid, furnish the following information: a description of each document, including type, title, specific subject matter and date of each document; whether it was lost, destroyed, or temporarily mislaid; what efforts were made to locate the document; the number of the request to which the document would respond and all witnesses who have knowledge of the loss or destruction.

C. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these document requests any documents that might otherwise be construed to be outside their scope.

The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these document requests any documents that might otherwise be construed to be outside their scope.

D. If you are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full.

E. If you believe that any requested documents are subject in whole or in part to a possible claim of privilege, you shall produce so much of the document as is not subject to the possible claims of privilege, and you shall provide a statement setting forth as to each such document: (a) the name and title of the person who prepared or signed the document or who knows about the information contained therein; (b) the name and title of all recipients of the document; (c) the date on which the document was created; (d) a brief description of the subject matter or nature of the document sufficient to assess whether the assertions of privilege are valid; (e) the justification for the claim of privilege; and (f) with respect to any claim of privilege relating to an attorney or his or her action, advice, or work product, the attorney involved.

F. Under Federal Rule of Civil Procedure 26(e)(2), you are required to supplement your responses and to produce any new or additional documents that may become available. Each document request shall be construed to include any documents responsive to these requests that are later discovered by you.

## DOCUMENTS REQUESTED

1. All documents relied upon when answering the Interrogatories served concurrently herewith.

2. All documents related to Plaintiff's alleged debt and the collection thereof.

3. Copies of any litigation filed against you alleging violations of the Fair Debt Collection Practices Act.

4. A list of all employees engaged in collection of Plaintiff's account.

5. Any insurance policies covering you for violation of the Fair Debt Collection Practices Act.

6. All documents relating to the maintenance of procedures by you adapted to avoid any violation of the Fair Debt Collection Practices Act on which you intend to rely in support of your affirmative defenses in this case.

7. Copies of all reports and documents utilized by an expert whom you propose to call at trial.

8. All exhibits which you propose to introduce at trial.

9. All notices that you have given any insurer regarding Plaintiff's claim.

10. With regard to Plaintiff's alleged debt, please provide any and all documents authorizing you to collect the debt from Plaintiff.

11. Copies of all letters, notices and/or other correspondence sent to Plaintiff.

12. Copies of all letters or other correspondence received by Defendant from Plaintiff.

13. A copy of the collection notes and/or a call log maintained by you in connection with collection of Plaintiff's alleged debt.

14. All recordings of all conversations between you and Plaintiff.

Dated: April 29, 2016

/s/ Sergei Lemberg

Sergei Lemberg
Lemberg Law, LLC
43 Danbury Road, 3rd Floor

Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on April 29, 2016, a copy of the foregoing was sent via electronic mail and First Class mail, postage prepaid, to the parties listed below:

Ian J. Gemmell, Esq.
John J. O'Connor, Esq.
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

/s/ Sergei Lemberg
Sergei Lemberg, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Jessica Ezell,<br><br>Plaintiff,<br>v.<br><br>National Credit Systems, Inc.; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.: 3:15-cv-01662-VAB |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**
**DEFENDANT NATIONAL CREDIT SYSTEMS, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Jessica Ezell, hereby requests that Defendant, National Credit Systems, Inc., respond to the following Interrogatories in writing and under oath within thirty (30) days of the date of service.

**DEFINITIONS**

A. "Person" means and includes natural persons, corporations, partnerships, associations, or any type of entity, and agents, servants, employees and representatives thereof.

B. "You" or "your" means National Credit Systems, Inc., its agents, employees and representatives.

C. The term "identify" when used in reference to an individual person means to state his full name and present business and home address, his present business and home phone number, and his present or last known business affiliation.

D. As used herein, the term "document" means every writing and record of every type and description, including, but not limited to, correspondence, memoranda and written notes, checks, check registers, books and accounting, computer cards, printouts, tapes, discs and records of all types, minutes of meetings, studies, books, pamphlets, pictures and voice

recordings or every other device or medium on which or through which information of any type is to be transmitted, recorded or preserved. The term "document" also means a copy when the original is not in your possession, custody, or control, and every copy of the document if such copy is not an identical duplicate of the original.

E. Each request to describe or identify a document shall be deemed to include a request for information sufficient to enable Plaintiff to obtain the documents with a subpoena, including but not limited to the date of the document, a physical description of the document, a brief description of the content of the document, the identity of the custodian of the document, the location of the document, and any title given to the document. If an interrogatory calls for a description of a document, you may, if you prefer, instead of identifying it, simply attach to your answer a clear copy, front and reverse, of document.

F. "Oral Statement" means and includes any face to face communication, conversation, meeting, conference or any such communication by telephone, radio, or other means of verbal communication.

G. In each case in which you are requested to "identify" an oral statement or in which your answer to an interrogatory refers to the "identity" of an oral statement, this is a request to identify the person who made the statement and the persons hearing the statement, the date, time, and place of its occurrence, and to describe the content of the statement.

H. "State in full detail" means to set out in the fullest detail possible all knowledge or information available to you on the subject.

## DIRECTIONS

A. Answer each interrogatory separately and fully in writing and under oath, unless it is objected to, in which event the reasons for objection must be stated.

B. Be advised that an evasive or incomplete answer is deemed to be a failure to answer under Rule 33(b).

C. You have a duty under the Federal Rules of Procedure to disclose all information known to you, and to make reasonable inquiry and thereafter to disclose all information to which you have gained access after such reasonable inquiry.

D. You are under a continuing duty to seasonally supplement your response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, or the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, or the substance of his or her testimony. You are under a continuing duty to seasonably amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made, or that the response, though correct when made, is no longer correct or true.

E. If a document will not be produced in accordance with the attached document request because of some claimed privilege or other rule, the identity and fact of existence of such document must still be set forth even if you will not produce it without further order from the court. The identity of persons with knowledge relevant to this action is never privileged or subject to the work product rule even if the substance of the communication is subject to a privilege or the work product rule.

**INTERROGATORIES**

1. State the name, business address and job title or capacity of each officer, employee or agent answering or providing any information used to answer these Interrogatories.

**RESPONSE:**

2. State the name of your organization. Include in your answer your correct legal

name or any other name(s) your organization uses or has used to identify itself.

**RESPONSE:**

3. State the name, title, address and job description of each director, partner, shareholder, employee, officer and manager of yours.

**RESPONSE:**

4. State the name, alias, job title, business and home address, telephone number, date of initial employment and date of and reason for termination of employment for each of your employees that engaged in collection activities related to Plaintiff's account.

**RESPONSE:**

5. Please identify each person involved in providing training to new and/or present employees involved in the collection of consumer accounts relating to compliance with the Fair Debt Collection Practices Act, and describe the content, timing, duration, and the documents and audio or visual materials used in such training.

**RESPONSE:**

6. Identify and describe any documents used to record your collection activities directed at Plaintiff.

**RESPONSE:**

7. Are you affiliated with any other organization (e.g., common ownership, overlapping offices or managers or common facilities or employees)? If so, describe the affiliation and identify the affiliates.

**RESPONSE:**

8. Describe fully any system you maintain or operate to record contacts of your employees with consumers, and your policies for operating such a system.

**RESPONSE:**

9. State the name and address of your liability insurer(s) for the last three (3) years and the dates of coverage, type, and policy number of each liability insurance policy.

**RESPONSE:**

10. Identify and describe each claim made under each liability insurance policy in the last two (2) years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim and any amounts paid under each policy.

**RESPONSE:**

11. Describe any other business other than the collection of consumer accounts in which you now engage or in the past have engaged.

**RESPONSE:**

12. List and explain all abbreviations, codes, letters, numbers and/or symbols

regularly used by you in your records of collection activities directed at Plaintiff.

**RESPONSE:**

13. Identify by name, position, address and phone number all witnesses you propose to call to trial.

**RESPONSE:**

14. List all exhibits you propose to introduce at trial.

**RESPONSE:**

15. Identify each person you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE:**

16. Please state in detail the facts upon which you rely for each affirmative defense listed in your Answer.

**RESPONSE:**

17. Identify the date, time and substance of each telephone conversation between you and Plaintiff.

**RESPONSE:**

18. Identify all documents (including documents in electronic form) related to your collection activities directed at Plaintiff.

**RESPONSE**:

19. Identify all letters, notices or other correspondence received by you from Plaintiff.

**RESPONSE**:

20. Identify all recordings of conversations between you and Plaintiff in connection with the collection of Plaintiff's account.

**RESPONSE**:

21. Identify every contractor or subcontractor hired or retained by you to make outgoing calls to account debtors.

**RESPONSE:**

22. State whether every outbound call made by you, or anyone making outbound calls on your behalf or at your direction, is reflected on the account history or collection notes of Plaintiff's account.

**RESPONSE**:

Dated: April 29, 2016

/s/ Sergei Lemberg
Sergei Lemberg
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897

Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on April 29, 2016, a copy of the foregoing was sent via electronic mail and First Class mail, postage prepaid, to the parties listed below:

Ian J. Gemmell, Esq.
John J. O'Connor, Esq.
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

/s/ Sergei Lemberg
Sergei Lemberg, Esq.